**17SL-CC00935**

Electronically Filed - St. Louis County - March 13, 2017 - 05:39 PM

STATE OF MISSOURI )
)
COUNTY OF ST. LOUIS )

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

MARILYN MARGULIS,

    Plaintiff,

v.

PROBITY BROTHERS, LLC,
    Serve: Fred Ritzendollar,
    Registered Agent
        1117 S. Casa Grande Ave
        Springfield, MO 65802
        Greene County

and

MATTHEW T. BROWN
    Serve: 8817 Pinsley Way
        Fort Wayne, IN 46835-9119
        Allen County

JOHN DOES 1-10,

    Defendants.

Cause No.

Division

PROCESS SERVER

PROCESS SERVER

HOLD SERVICE

### PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT AND BREACH OF MISSOURI MERCHANDISING PRACTICES ACT Chapter 407

### PARTIES
### PLAINTIFF

1.    Plaintiff is a resident of St. Louis County, Missouri and has residential telephone service at her residence using telephone number (636) 812-2131

2.    At all times relevant, Plaintiff Marilyn Margulis had telephone service at (636) 812-2131.

3.    Plaintiff Marilyn Margulis telephone number (636) 812-2131 is and was at all relevant times on the Missouri Do Not Call List.

4.    Plaintiff Marilyn Margulis telephone number (636) 812-2131 is and was at all relevant times on the National Do Not Call List.

Probity Brothers, LLC - Petition Page 1



Electronically Filed - St. Louis County - March 13, 2017 - 05:39 PM

## DEFENDANTS
### Probity Brothers, LLC

5.   Defendant, Probity Brothers, LLC, is a foreign corporation registered to do business in Missouri and does business at 111 Westport Plaza, Ste #600, St. Louis, MO 63146, doing business as Top Performance Roofing

6.   Fred Ritzendollar is the Registered Agent of the Defendant corporation Probity Brothers, LLC.

7.   Defendant, Probity Brothers, LLC, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

8.   Defendant, Probity Brothers, LLC, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

### Matthew T. Brown

9.   Defendant, Matthew T. Brown, is an individual located at 8817 Pinsley Way, Fort Wayne, IN 46835.

10.   Defendant, Matthew T. Brown, is upon information and belief, a resident of Indiana to be found at  6720 E. State Blvd, Fort Wayne, IN 46815 who is an owner of the Defendant corporation, Probity Brothers, LLC.

11.   Defendant, Matthew T. Brown, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

12.   Matthew T. Brown knew of and participated in the solicitation calls made by or on behalf of Probity Brothers, LLC or by failure to act, allowed the making of solicitation calls by or on behalf of Probity Brothers, LLC.

13.   Defendant, Matthew T. Brown, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

14.   Defendant, Matthew T. Brown, upon information and belief, exercised direction and/or control over Defendant, Probity Brothers, LLC, both generally and specifically with regard to the making of solicitation calls.

15.   Defendant, Matthew T. Brown is the individual with ultimate authority for, and/or who is responsible for the making of solicitation calls by Probity Brothers, LLC.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

**John Does 1-10**

16.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## ACTS OF AGENTS

17.     Whenever it is alleged in this Petition that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendant's officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendant(s).

### COUNT ONE- DAMAGES

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

### THE TELEPHONE CONSUMER PROTECTION ACT

18.     47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-call registrations must be honored indefinitely, ....".

19.     47 C.F.R § 64.1601(e)(1-2) requires a caller to transmit proper caller identification.

(e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
(1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.
(2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.

20.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

21.   Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

22.   Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

23.   The phone calls at issue in this case were made by and/or for the benefit of Defendants.  Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls.  Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party

## THE MISSOURI NO-CALL LAW

24.   Mo. Rev. Stat. § 407.1098.1 provides:

No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

25.   A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2)

26.   A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

27.   Defendants calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.  Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

28.   Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

29.   Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

30.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

31.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

32.    MO Rev. 407.1104  provides in pertinent part:
1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.
2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

**CALL ONE**

33.    The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about June 23, 2016 at 4:21 pm.

34.    Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

35.    Placing the call violated MO Rev. 407.1098.

36.    Plaintiff or her representative call requested a copy of the current Do Not Call Policy of Defendant Probity Brothers, LLC and provided Plaintiff's full name and address and a representative of Defendant Probity Brothers, LLC said one would be sent to Plaintiff.

37.    On June 24, 2017, Defendant sent Plaintiff a copy of their Do Not Call Policy.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

38.   Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

39.   The CallerID transmitted in the call was "875-7403 - EXTERNAL CALL".

40.   The number "875-7403" is not a number assigned to Defendant and is a disconnected telephone number.

41.   Placing the call violated MO Rev. 407.1104.

42.   Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

**CALL TWO**

43.   The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about June 23, 2016 at 6:51 pm.

44.   Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

45.   Placing the call violated MO Rev. 407.1098.

46.   The June 23, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

47.   Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

48.   The CallerID transmitted in the call was "875-7403 - EXTERNAL CALL".

49.   The number "875-7403" is not a number assigned to Defendant and is a disconnected telephone number.

50.   Placing the call violated MO Rev. 407.1104.

51.   Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

52.   Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

## CALL THREE

53.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131 on or about July 27, 2016 at 9:38 am.

54.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

55.     Placing the call violated MO Rev. 407.1098.

56.     The July 27, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

57.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

58.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL FOUR

59.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131 on or about July 27, 2016 at 2:25 pm.

60.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

61.     Placing the call violated MO Rev. 407.1098.

62.     The July 27, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

63.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

64.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL FIVE

65.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131 on or about July 27, 2016 at 6:55 pm.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

66.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

67.     Placing the call violated MO Rev. 407.1098.

68.     The July 27, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

69.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

70.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL SIX

71.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about July 28, 2016 at 11:43 am.

72.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

73.     Placing the call violated MO Rev. 407.1098.

74.     The July 28, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

75.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

76.     A copy of the current Written Do Not Call Policy as required under the TCPA of Defendant was not sent within 30 days of the request of Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

77.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL SEVEN

78.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about July 28, 2016 at 4:59 pm.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

79.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

80.     Placing the call violated MO Rev. 407.1098.

81.     The July 28, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

82.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

83.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL EIGHT

84.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about July 29, 2016 at 4:33 pm.

85.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

86.     Placing the call violated MO Rev. 407.1098.

87.     The July 29, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

88.     Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

89.     Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL NINE

90.     The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about July 30, 2016 at 10:53 am.

91.     Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

92.     Placing the call violated MO Rev. 407.1098.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

93.    The July 30, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

94.    Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

95.    Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL TEN**

96.    The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131 on or about August 1, 2016 at 11:45 am.

97.    Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

98.    Placing the call violated MO Rev. 407.1098.

99.    The August 1, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

100.   Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

101.   Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL ELEVEN**

102.   The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131 on or about August 2, 2016 at 9:34 am.

103.   Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

104.   Placing the call violated MO Rev. 407.1098.

105.   The August 2, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

106.   Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

107.   Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL TWELVE

108.   The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about August 2, 2016 at 5:28 pm.

109.   Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

110.   Placing the call violated MO Rev. 407.1098.

111.   The August 2, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

112.   Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

113.   Plaintiff has received more than one telephone call from Defendant within a 12 month period.

## CALL THIRTEEN

114.   The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about August 3, 2016 at 3:13 pm.

115.   Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

116.   Placing the call violated MO Rev. 407.1098.

117.   The August 3, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

118.   Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

119.   Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

**CALL FOURTEEN**

120. The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about August 3, 2016 at 3:47 pm.

121. Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

122. Placing the call violated MO Rev. 407.1098.

123. The August 3, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

124. Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

125. Plaintiff has received more than one telephone call from Defendant within a 12 month period.

**CALL FIFTEEN**

126. The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 812-2131on or about September 26, 2016 at 6:36 pm.

127. Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

128. Placing the call violated MO Rev. 407.1098.

129. The September 26, 2016 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

130. Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

131. Plaintiff has received more than one telephone call from Defendant within a 12 month period.

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

## VIOLATIONS OF THE TCPA AND REGULATIONS

132. That the telephone calls to Plaintiff made by Defendant constituted 15 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

133. The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

## VIOLATIONS OF MISSOURI CHAPTER 407

134. Placing the calls violated MO Rev. 407.1104, which provide damages in the amount of up to $5,000 per violation.

135. Placing the calls violated MO Rev. 407.1076, which provide damages in the amount of up to $5,000 per violation.

136. Placing the calls violated MO Rev. 407.1098, which provide damages in the amount of up to $5,000 per violation.

### COUNT TWO
### Injunctive Relief

137. Count one is restated as if set forth herein.

138. As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA.

WHEREFORE, Plaintiff, prays judgment against Defendants in the amount of $75,000 (fifteen (15) violations x $5,000) for violations of MO Rev. 407 and $22,5000 (fifteen (15) violations x $1,500) for violations of the TCPA as provided by 47 U.S.C. 227 for total damages of $97,500, that Defendants be enjoined from making telephone calls in violation of the Missouri statutes and TCPA, plus Court costs and for such other and further relief as this Court deem proper.

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com

**17SL-CC00935**

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri



MARILYN MARGULIS

Plaintiff/Petitioner

vs.

PROBITY BROTHERS, LLC

Defendant/Respondent

MATTHEW T. BROWN & JOHN DOES 1-10

March 13, 2017
_____

Date

_____

Case Number

_____

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff _____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Jeff Simpson & Richard L. Beggs, All City Serves, LLC 334 East Kearney, Ste 110

| Name of Process Server | Address | Telephone |
| --- | --- | --- |
| Springfield, MO 65803 | P: 877-750-1310 | |
| Name of Process Server | Address or in the Alternative | Telephone |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE: PROBITY BROTHERS, LLC

Fred Ritzendollar, Reg. Agent

Name

1117 S. Casa Grande Ave

Address

Springfield, MO 65802

City/State/Zip  Greene County

SERVE:

_____

Name

_____

Address

_____

City/State/Zip

SERVE:

_____

Name

_____

Address

_____

City/State/Zip

SERVE:

_____

Name

_____

Address

_____

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____

Deputy Clerk

_____

Date

*Max G. Margulis*

Attorney/Plaintiff/Petitioner          24325

Max G. Margulis

Bar No. 28 Old Belle Monte Rd.  Chesterfield, MO 63017

Address

(636) 536-7022 Residential     (636) 536-6652 Residential

Phone No.          Fax No.

MaxMargulis@Marguuslaw.com

CCADM62    Rev. 03/06    WHITE – File          YELLOW-Special Process Server    PINK - Attorney/Petitioner

**17SL-CC00935**

Electronically Filed - St Louis County - March 13, 2017 - 05:39 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



MARILYN MARGULIS
_____
Plaintiff/Petitioner

March 13, 2017
_____
Date

vs.

_____
Case Number

PROBITY BROTHERS, LLC
_____
Defendant/Respondent
MATTHEW T. BROWN & JOHN DOES 1-10

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff _____, pursuant
                                  Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 Steve Gerber,         Lifeline Investigative Services, PO Box 12555, Fort Wayne IN 46863
Name of Process Server              Address                                          Telephone
                            P: 877-777-7838, 206-750-1500
Name of Process Server         Address or in the Alternative                         Telephone

_____
Name of Process Server         Address or in the Alternative                         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 MATTHEW T. BROWN
_____                         _____
Name                                            Name
 8817 Pinsley Way
_____                         _____
Address                                         Address
 Fort Wayne, IN 46835-9119
_____                         _____
City/State/Zip   Allen County                   City/State/Zip

SERVE:                                          SERVE:

_____                         _____
Name                                            Name

_____                         _____
Address                                         Address

_____                         _____
City/State/Zip                                  City/State/Zip

Appointed as requested:                         _Mex G. Margulis_____
**JOAN M. GILMER,** Circuit Clerk               Attorney/Plaintiff/Petitioner
                                                Max G. Margulis                    24325
                                                Bar No. 28 Old Belle Monte Rd.  Chesterfield, MO 63017
By _____                         Address
   Deputy Clerk                                 (636) 536-7022 Residential     (636) 536-6652 Residential
                                                Phone No.                          Fax No.
_____                               MaxMargulis@Marguluslaw.com
Date

CCADM62   Rev. 03/06      WHITE – File          YELLOW-Special Process Server   PINK - Attorney/Petitioner



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 17SL-CC00935 |
|---|---|
| Plaintiff/Petitioner:<br>MARILYN MARGULIS | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| vs. | |
| Defendant/Respondent:<br>PROBITY BROTHERS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  MATTHEW T. BROWN

8817 PINSLEY WAY
FORT WAYNE, IN 46835-9119

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>14-MAR-2017</u>
Date
Further Information:
LNG

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 17-SMOS-239          1          (17SL-CC00935)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 17-SMOS-239**      3      (17SL-CC00935)                Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 17-SMOS-239**     4     (17SL-CC00935)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  17SL-CC00935 |
|---|---|
| Plaintiff/Petitioner:<br>MARILYN MARGULIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>PROBITY BROTHERS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:   PROBITY BROTHERS, LLC**

FRED RITZENDOLLAR, REG AGENT
1117 S. CASA GRANDE AVE
SPRINGFIELD, MO 65802



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
        **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>14-MAR-2017</u>
Date

Further Information:
LNG

_____ /Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                    Date                                                 Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-1996**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - April 11, 2017 - 12:12 PM

**LIFELINE INVESTIGATIVE SERVICES**
PO Box #12555
Fort Wayne, IN 46863
260-373-0500



# Invoice

| Date | Invoice # |
|------|-----------|
| 3/31/2017 | 1702-1376 |

**Bill To**

MAX MARGULIS
28 OLD BELLE MONTE ROAD
CHESTERFIELD, MO 63017
636-536-7022

| P.O. No. | Terms |
|----------|-------|
| 17SL-CC00935 | |

| Serviced | Item | Description | Qty | Amount |
|----------|------|-------------|-----|--------|
| 3/22/2017 | PRO1 | PROCESS SERVICE FEES  MATTHEW BROWN SUBSERVED TO DAUGHTER REBECCA BROWN AT 11:49 AM. | 1 | 50.00 |

| Thank you for your business! FED ID#35-2141532 | **Balance Due** | **$50.00** |
|---|---|---|



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

Electronically Filed - St Louis County - April 11, 2017 - 12:12 PM

| Judge or Division: <br> MICHAEL T JAMISON | Case Number: 17SL-CC00935 |
|---|---|
| Plaintiff/Petitioner: <br> MARILYN MARGULIS <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address: <br> MAX GEORGE MARGULIS <br> 28 OLD BELLE MONTE ROAD <br> CHESTERFIELD, MO 63017 |
| Defendant/Respondent: <br> PROBITY BROTHERS, LLC | Court Address: <br> ST LOUIS COUNTY COURT BUILDING <br> 105 SOUTH CENTRAL AVENUE <br> CLAYTON, MO 63105 |
| Nature of Suit: <br> CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: MATTHEW T. BROWN**

**8817 PINSLEY WAY**
**FORT WAYNE, IN 46835-9119**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>14-MAR-2017</u>
Date
Further Information:
LNG

_Jean &. Silancy_
Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Process Server_ of _Allen_ County, _IN_ (state).
3.  I have served the above summons by: (check one)
    - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - [x] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _Rebecca Brown_, a person of the Defendant's/Respondent's family over the age of 15 years.
    - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - [ ] other (describe) _Daughter 7, w, 19, 5'5, 190 lbs Red Hair_

Served at _8817 Pinsley Way   Ft Wayne_ (address)
in _Allen_ County, _IN_ (state), on _3-22-17_ (date) at _11:49 AM_ (time).
_Steve Garber_                         _CRCR_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _31_ (day) _3_ (month) _17_ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [x] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_Sally Jo Gerber_
Signature and Title  A. GERBER

Notary Public- Seal
State of Indiana
My Commission Expires Aug 7, 2021

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ ____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.