UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 1355 JMB |
| | ) |
| PROBITY BROTHERS, LLC, MATHEW T. | ) |
| BROWN, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| PROBITY BROTHERS, LLC and | ) |
| MATTHEW T. BROWN, | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSURE CALL, LLC, | ) |
| | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants/Third-Party Plaintiffs Probity Brothers, LLC, d/b/a Top Performance Roofing, and Mathew T. Brown's ("Third-Party Plaintiffs") Motion for Entry of Default Judgment Against Third-Party Defendant Assure Call, LLC ("Third-Party Defendant"). (ECF No. 19)

**I.   Background**

On March 13, 2017, Plaintiff Marilyn Margulis ("Plaintiff") filed a Petition in the Circuit Court of St. Louis County, Missouri, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* and the Missouri Merchandising Practices Act, RSMo. § 407.1098, *et. seq.* (ECF No. 1-1)  Plaintiff seeks $97,500.00 in monetary damages for violating the National and Missouri Do Not Call Lists, as well as injunctive relief.

On April 19, 2017, Defendant Matthew Brown, with the consent of Probity Brothers,

LLC, removed the action to this Court. (ECF No. 1) On May 3, 2017, Third-Party Plaintiffs filed a Third-Party Complaint alleging that Third-Party Defendant initiated, made, and is responsible for the alleged telephone calls at issue. (ECF No. 12) Third-Party Plaintiffs requested that Third-Party Defendant waive service pursuant to Fed. R. Civ. P. 4. (ECF Nos. 12 and 13) On June 13, 2017, Third-Party Plaintiffs effectuated service on Third-Party Defendant. (ECF No. 18)

On July 14, 2017, Third-Party Plaintiffs filed the instant Motion for Default Judgment, seeking entry of a default judgment against Third-Party Defendant, pursuant to Fed. R. Civ. P. 55, for an amount to be determined later. (ECF No. 19) The Clerk of the Court entered an order of default against Third-Party Defendant, in this action on August 3, 2017. (ECF No. 22)

## II.     Legal Standard

Under Fed. R. Civ. P. 55, a court may enter a default judgment for failure "to plead or otherwise defend." It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested." Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 2688 at 63 (3d ed. 1998)).

Upon entry of default, the allegations of the complaint are taken as true, except as to the amount of damages. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). Damages are subject to a higher degree of proof than other factual allegations in a complaint. Monsanto Co. v. Hargrove, 2011 WL 5330674, at *2 (E.D. Mo. Nov. 7, 2011) ("[W]hile factual allegations in the complaint are generally taken as true, those … relating to

2

the amount of damages, must be proven."). "A party seeking damages under a default judgment must … prove its rights to such damages with affidavits or other supporting documentation." Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc., 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). See Fed.R.Civ.P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); see also Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (holding that "[w]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.") (citations omitted). "A default judgment cannot be entered until the amount of damages has been ascertained." SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc., 2014 WL 1389581, at *1 (E.D. Mo. Apr. 9, 2014) (citing Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993)).

**III.    Discussion**

Here, Defendants/Third-Party Plaintiffs' claims for contribution and indemnity and negligent misrepresentation against Third-Party Defendant fail to state a claim for which a judgment could be entered at this time. Liability and damages against Defendants/Third-Party Plaintiffs has not been established and, therefore, any claim against Third-Party Defendant is not yet ripe. Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Third-Party Plaintiffs' Motion for Entry of Default Judgment Against Third-Party Defendant Assure Call, LLC (ECF No. 19) is DENIED WITHOUT PREJUDICE.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of August, 2017